1:19-cv-11
Keeley/Aloi

The west Virginia state Supreme Court has sent me the file copies of habeas I filed with the state

The petitioner is filing this petition as a 360 personal injury tort this is not being filed as a civil rights violation. By there not filing my habeas 11 times they have caused me great personal injury and anguish that can never be undone or repaired. That will haunt me for the rest of my life. By not having the opportunity to have my case heard before the court system as all US citizens and prisoners have the legal right to do so. This complaint or petition was already filed with the department of justice as a civil rights violation .
Under
**The Suspension Clause of the United States Constitution specifically included the English common law procedure in Article One, Section 9, clause 2, which demands that "The privilege of the writ of habeas corpus shall not be suspended, unless when in cases of rebellion or invasion the public safety may require it."**

Due to the impeachment of the four West Virginia state Supreme Court judges ; by their maladministration and their corrupt actions. The petitioner was refused her rights. By their refusal to take pro se filings and by their own refusals to enforce the court orders with the lower courts in the filings for Habeas proceedings.
Also the Monongalia county circuit courts refusals to do what was court ordered by the West Virginia state Supreme Court of appeals.

Had the petitioner been granted her constitutional right to a habeas corpus she may have had her charges dismissed. But by their refusal to take pro se filings they violated her constitutional rights.

The question is what did the Monongalia County Circuit Court and West Virginia State Supreme Court have to gain by not filing or hearing these petitions and why these gross forms of misconduct and maladministration were allowed to occur?

There is evidence of maladministration which is
" **inefficient or dishonest administration miss management"**
and by their previous impeachment and convictions there is no reason as to why their conduct should not be reviewed in this petition.
1.
After being granted a reconsideration for drug court on December 29 2015. The defendant requested a Jean as proceeding as was her right .
The Judge instructed me to pick between a heabas or reconsideration and the petitioner choose the hebas petition on 12-29-15.
Thus denying the defendant another constitutional right to have as many hebas filings as you want while still being granted a reconsideration. The defendant was returned to prison.

2.

FILED
JAN 23 2019
U.S. DISTRICT COURT-WVND
WHEELING, WV 26003

/    1-11

New counsel was appointed William pendington he refused to sign for defendants certified mail after stating in a letter sent to him with more information on 2-22-16 thus basically refusing to file a heabas corpus.

3.
Petitioner then filed in federal court case number 2:16cv7
They dismiss for failure to follow states remedies.
The petitioner did as the federal court told her and re-filed in the West Virginia state Supreme Court.
They refused to docket and hear the case thus evading review.
They did not make the appointed attorneys follow court orders and file the writ.
In short due to their maladministration the petitioner was refused Habeas proceeding.

The original habeas was filed because the petioner plea was not meditated by her attorney Edward Rollo with prosecutor Stephen Fitz. The signing of the plea was coerced by the court by putting dismissed charges in the plea offer and by the judge not suggesting that the defendant receive additional counsel or a second option on her plea when she questioned why the attorney did not know of the previous cases stated or additional charges stated in plea offer.
Instead her attorney was advising her to take the plea even after he admitted to not knowing or speaking with the o prosecutor about the plea offer.

Instead the prosecutor talked over the plea with a previous attorney David DeMoss who had nothing to do with the current case or the one stated in the plea. Attorney Thomas Jalanto was the court appointed attorney that handled the case mentioned in the plea.

The Court did not suggest that the defendant receive additional legal counsel or that the current attorney be afforded a discovery on the additional charges. The court proceeded with the plea hearing .
Even after legal counsel admitted to knowing nothing of the information stated in the plea agreement.
So basically the defendant was coerced into signing the plea by the Judge , prosecution, and her own attorney. By her own attorneys admissions of no knowledge of the incidents stated in the plea offer.

The defendant has no knowledge of court proceedings and is not a member of the court so her self obtained attorney is susposed to help with representation and legal counsel this attorney did not. Instead he choose to work for the state and help convict and coerce the defendant into signing the plea agreement by stating I should take the plea agreement instead of him saying I think we should continue this hearing until I have a chance to mediate this plea with the prosecution and a discovery is given on the additional charges.

After the defendants incarceration she learned that the legal actions of the court and her self obtained attorney was against her constitutional rights.

The petitioner then wrote and tried to call her attorney Edward Rollo to receive a copy of her case file and was refused. He would also not accept any phone calls.

So the petitioner filed with the :

•West Virginia Disciplinary Counsel

•West Virginia Judicial Review Board

•West Virginia State Bar Association

•West Virginia Civil Rights Coalition

With no legal recourse being taken against any of the individuals.
4.
Case 16-0034 was docketed and dismissed in West Virginia state Supreme Court by Supreme Court justice.
2:16cv00007 filed in the federal court .

Dismissed in the federal court by magistrate.
Robert w Trumble Judge.
John Preston bailey
because defendant did not exhaust state remedies.
Even though after a Dismissal of case 16-0034 in the federal court so they could evade review.
So the petitioner again refiled in the West Virginia State Supreme Court and her case was refuse to be heard by because she had counsels appointed by they circuit court of Monongalia county.

5.
Case number 16-0235 was filed do to the district courts refusal to hear the case because I had not exhausted state remedies and whe refiling in the West Virginia State Court they refused to take my pro se filing they stated I had an attorney but they didn't docket the case.
6.
Defendant then again asked the West Virginia State Supreme Court for counsel and filed yet again the same writ pro se which they refused to proceed with and granted a continuance and remanded back to The Monongalia Circuit Court for appoint of counsel.

Deandra Burton was appointed counsel she also refused to pick up certified return receipt mail thus basically refusing to file habeas corpus also.

7.
In the mean time petitioner filed for several motions in The Monongalia County Circuit Court pro se a:

- Motion to discharge defendant from further custody due to refusal of transcripts

- Motion to amend clerical orders in previous court orders

- Recusal of prosecutor

- Dismissal of judge

- Change of venue

So that she could obtain legal representation and receive a fair tribunal.
She was refused the motions stated above but was granted release from prison but not from states custody. As long as she agreed to drop the habeas corpus.
Petitioner did not agree so she refiled a motion to continue her case.
See transcript. August. 2016 Underlined .
Deandra Burton did not have petitioner sign the consent to drop the habeas. Petitioner did not consider release from prison as a remedy for a habeas proceeding But took the opportunity when released to continue to file her habeas proceeding and try to obtain legal counsel

8.
Petitioner then filed a motion to withdraw Ms. Burton as counsel and yet again filed her heabas petition prose which the West Virginia state Supreme Court again refused to accept they continued it and remand it yet again to Monongalia Circuit Court for appointment of counsel.

De andra Burton was ordered to show in good cause in writing why she failed to respond to the orders of the West Virginia state Supreme Court 10-24-2016.

9.
Petitioners pro se filing was again rejected because she had appointed counsel and was yet again remanded back to Monongalia county circuit court for appointment of counsel so they could continue to evade review .

Ashley Hunt was then appointed
The West Virginia state Supreme Court sent my case file to Mrs Hunt both 16-0034 and 16-0235 along with a letter dated 2-24-17 .

Ashley Hunt was ordered to have a Petition filed by March 1 2017.
By an order on 2-2-17 .

10.
Conveniently the petitioner was released from states custody on February 27 2017.

With an order stating that i was in the courtroom at the proceeding.

While I was not present which you can observe for yourself when obtaining the court room video.

The petitioner had filed for a continuance of the hearing.
Before the hearing on 2-27-18 it was not granted
So that they could yet again evade review
11.
The petitioner yet again filed for appointment of counsel.
The state of West Virginia finally appointed counsel for the defendant after her being released from states custody.
Crystal Walden was to have the petition filed by March 31 2017 she transfer the case to Micheal Palmer who wanted the petitioner to sign a paper stating that she did not want to file a habeas that she was satisfied with just being released from prison.
Petitioner refused to sign because she wanted to file the petition and filed a motion stating that the She wanted to continue with the filing. She was denied that right.

12.
And was unable to do so because the state Supreme Court of West Virginia had not took any of the pro se filings and waited until the defendant was released from states custody. Was told by the state of West Virginia When trying to re-file that it was now **moot**.
**Which means "a case which has already been resolved by a court of law. The term moot case is also used to signify a case that is entirely fictional or in the form of an abstract question as well it is based upon a fact or right which is not recognizable by law."**
The West Virginia State Supreme Court would also not accept pro se filings from the petitioner they continuously stated that she had legal representation and continued the hearing process.
Until The Circuit Court of Monongalia County could release the petitioner from states custody six months early thus rendering it as moot.

Why would the West Virginia state Supreme Court not appoint counsel in the first place instead of remanding back numerous times for appointment of counsel?

Ensuring that the petitioner would not receive a fair tribunal and could not receive legal representation.

They wanted to and did release the petitioner from states custody six months early even with past probationary history.

Thus rendering all filings as moot and evading review of other petitions filed in the federal court as moot because she was no longer in states custody.

13.
By their maladministration they were basically controlling my hebeas proceedings and life while my case was **ripe**

**"a claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all."**

Until I could be released from states custody thus ensuring The Monongalia County Circuit Court and The West Virginia State Supreme Court to be able to evade review.

Continuously denying me my constitutional rights for 15 months. Which I will have to suffer their legal maladministration for the rest of my life. After the initial order being granted in The Circuit Court of Monongalia County in December of 2015.
Thus causing the petitioner further duress with her criminal history.

Having prior convictions and criminal background held against you because you were refused a writ of habeas corpus by four West Virginia State Supreme Court justices.

Had the petitioners case been docketed and heard. She mite have had the opportunity to have the lower courts decision overturned.

Had the petitioners pro se filings been heard instead of continued the petition would have been held while ripe.

Instead The West Virginia State Supreme Court prolonged the appointment of counsel until the lower court rendered a decision that caused all future proceedings and petitions to be rendered as moot by their actions.
Thus evading review
14.
Had the attorneys appointed from Monongalia County's public defenders office filed her heabas petition as court ordered to do so by The West Virginia State Supreme Court they would have not been able to evade review.

Instead the public defenders refused to file thus causing the petitioner legal recourse that she will suffer with the rest of her life.

Had The West Virginia State Supreme Court appointed counsel from The West Virginia Public Defenders Office in the initial appointment then there would have been no dismissal of case 16-0034 and the West Virginia District Court would have not issued a dismissal due to not exhausting States remedies.
The petitioner mite have had her previous plea that had not been meditated and that the petitioner was coerced into signing dismissed. and removed from her background.
Which would have exonerated her criminal history.

Why in a criminal habeas is the petitioner unable to have legal representation of the same caliber in the same court as the respondent?

**Right to counsel means a defendant has a right to have the assistance of counsel (i.e., lawyers), and if the defendant cannot afford a lawyer, requires that the**

**government appoint one or pay the defendant's legal expenses. The right to counsel is generally regarded as a constituent of the right to a fair trial. "**

The appointment of counsel was remanded to the same court in which the petitioner had the hebeas filed against. Instead of from their own office where it would have at least been unbiased. With the petitioner being able to receive a fair tribunal.
15.
Petitioner does not understand how they can appoint counsel to one party but not to both shouldn't both parties have legal representation appointed by the State court instead of the petitioner not having any or it being remanded back to same court for appointment of counsel where they are already biased and prejudiced against you. Where as a petitioner will not receive a fair tribunal because counsel is being appointed by the circuit court that she has filed the heabas petition filed against. And also has federal civil suits against. By appointing their own attorneys from the court they can evade review .

By not having the circuit courts appointed counsel file the habeas petitions and releasing the petitioner six months early from States custody one day before the Supreme Court ordered the heabas to be filed in their court so they could evade review
16.
The West Virginia state Supreme Court refused to give the petitioner a docket number for Two habeas petitions filed in the West Virginia state Supreme Court

2 violations of code 62-12-10

Stephen Fitz
Edward Rollo
Lisa Barrett reidman
Mrs dechristopher
Phillip gaujot
(Day report officer westfall)

For the prosecutor attorney and head of probation having a meeting with the defendants attorney and purposefully sending the revocation papers to an previous address from Time of arrest With a current address on file with the court and probation because of the defendant was out on probation/parole.

To an address that the defendant was arrested at in 2012 instead of where she resided in 2014. They knew current address because I sat in the courtroom And they asked me what it was.

All parties had knowledge of where defendant lived due to court procedures , bond, and probation.

17.
Refusals of a granted reconsideration on 12/29/15

because petitioner wanted to file a heabas on her plea hearing that was corcered and not mediated. Due to the fact her attorney Edward Rollo stated in Open court that he knew nothing of the charges stated in the plea offer. If he knew nothing of the charges stated in the plea offer then how did he mediate my plea. How could the judge accept his explanation that the prosecutor must have discussed it with a previous attorney.

I filed with my attorney for a copy of the case file and he refused so I could file a writ of habeas

West Virginia state Supreme Court would not give me a docket number for the above mentioned cases so I filed in the federal court case numbers
3:16cv05179
3:16cv05251
They were Dismissed as moot approximately two years later after being released from state custody.Because petitioner was no longer in states custody
District court case numbers
3:16cv05179
3:16cv05251

18.
Petitioner filed a js44 civil action.

Which the federal court refused to docket and sent petitioner a bivions complaint but the funny part is the petitioner was not in states custody at this time. Why would the federal court refuse to except the initial civil filing. And instead make it a criminal filing when the petitioner was not in states custody so they could dismiss as moot and yet again evade review .

This filing was dismissed by the same judge and district that had previously had transfer orders for conflict of interest. So if one case was transferred for conflict of interest why would the District Court put another case in front of the same judge.
John Preston Baily
Case number
2:17-cv-00137
2:17-cv-132

There were previous orders transferring for the below mentioned case
Transfer order
2:16-cv-00050

All federal heabas and civil petitions were dismissed as moot because petitioner was released from probation early thus rendering them as moot so they could evade review of their actions. And the Monongalia County Circuit Court had prior knowledge of all filings against them because that is under rules of procedure they also receive a case filing that you have filed with the District Court.

Case numbers
2:16cv00007

19.
Fourth circuit case numbers
16-6995
17-6463
17-3849
17-7597
17-7596
18-7066
18-7069

**\*\*All of the above cases have been dismissed as moot** because of the refusal of the West Virginia state Supreme Court to accept pro se filings.
Not forcing appointed counsel to file a heabas petition.
Not appointing their own counsel in the first place after the refusal af previous attorneys to pick up mail.

By the circuit Court not enforcing their own court orders to DeAndra Burton and Ashley Hunt and William Pennington filed the writ of habeas corpus

Thus evading review of their actions and causing other cases to be dismissed as moot so the state of West Virginia would not have to reimburse the petitioner any monetary value for their actions. Nor have their actions reviewed. Or allow the petitioner the opportunity to have her case heard before a higher court. That also allowed them to escape review from the supreme court and the District Court what were they trying to cover up?

20
When petitioner filed motions for transfer to another division or district outside the state of West Virginia. This was not granted. so they could keep the case in the state where it would not receive a fair tribunal so they could ensure that their actions would not be reviewed.

The petitioner asked that her petitions be moved to another district division or circuit not within the state of West Virginia and was refused.

Instead they were transferred to a district that the petitioner had petitions filed against. Thus ensuring that the petitioner would not receive a fair tribunal.

Causing the same results as the above mentioned filings pertaining to The West Virginia State Supreme Court docketing her case. Except this time it was in the federal court.

And raising the same question mention why are they evading review by not allowing the petitioner her constitutional right for a writ of habeas?
Instead of filings in the District Court were held until the state of West Virginia released the petitioner from probation for six months early so they could yet again evade review.

21.
Petitioner does not consider early release from prison as a remedy or resolution to a heabas corpus because on December 29, 2015 petitioner had to pick between a reconsideration which would release her from prison on to drug court or a court ordered Hebas corpus so that she could have her case reviewed and overturned thus Removing her criminal history. The defendant choose the habeas and thus was sent back to prison.

22.
I would like awarded all previously asked for momentary value on previous federal petition filed because had they not been evading review and did what they were court ordered to do By the West Virginia state supreme court then petitioner cases would not have been dismissed as Moot because of the refusal to file wow the case was ripe for over 15 months. Holding it until they could release her from states custody that's making it moot
I also want the sum $50 million due to the fact of the repercussion and duress that I will have to suffer for the rest of my life due to their maladministration, curreptness , and evading review And I believe this was done because I had 10 civil suit against them for different reasons and they didn't want to the state of West Virginia didn't want to pay the money out because they knew that they were in the wrong that's why they evaded review for 15 months by not docketing and continuously remanding it back to the same court for appointment of counsel that the petitioner had her case filed against thus Ensuring that the petitioner would not receive. A fair tribunal and that the case would evade review as it had in the past so the court could cover up their own actions and wrongdoings at the circuit court level it wasn't whether the petitioner sign the plea it wasn't what the plea was signed what it was was because a judge , prosecutor and the attorney didn't mediate the plea and coerced the petitioner into signing it so the more opportune the question that the district court should be asking is why did they Corce a Defendant into signing it and what was their monetary gain for doing so and what was the West Virginia state Supreme Court's monetary gain for not docketing my case or making the West Virginia state supreme court docket it That would be the more opportune question Plus the refusal of the West Virginia state Supreme Court to docket two decisions on appeal thus causing the petitioner do you have to file and the federal court so they could yet again evade review