UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


TERESA MILLER,

        Plaintiff,

v.                                  Civil Action No. 2:19-cv-00087

JUDGE ALLEN LOUGHRY, BETH WALKER,
ROBIN DAVIS, MARGARET WORKMAN,
PHILLIP D. GAUJOT, JOHN
PRESTON BAILEY, WILLIAM
PENNINGTON, DEANDRA BURTON,
ASHLEY HUNT, MICHAEL PARMER,
STEPHEN FITZ, EDMUND ROLLO, LISA
BARRETT, ROBERT W. TRUMBLE,
MRS. DECHRISTOPHER, AND
DAY REPORT OFFICER WESTFALL,

        Defendants.


MEMORANDUM OPINION AND ORDER


        Pending is a motion to dismiss filed on March 15, 2019

by defendants Monongalia County Prosecuting Attorney Perri

DeChristopher, Stephen Fitz, and Katie Westfall.[1]


        This action was previously referred to United States

Magistrate Judge Dwane L. Tinsley for submission to the court of

his Proposed Findings and Recommendation ("PF&R") for

_____

[1] Plaintiff's complaint misnamed defendants Margaret Workman (as
"Margert Workman"), Michael Parmer (as "Michael Palmer"), and
Edmund Rollo (as "Edward Rollo"). See ECF No. 16 at 13-14. The
clerk is directed to modify the docket sheet to reflect the
correct spelling of these defendants' names.

disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On January 30, 2020, the magistrate judge entered his PF&R recommending that the court grant the motion to dismiss filed by DeChristopher, Fitz, and Westfall, and otherwise dismiss this civil action against all defendants pursuant to 28 U.S.C. § 1915(e)(2)(B). <u>See</u> ECF No. 16 at 23. Plaintiff Teresa Miller filed objections to the PF&R on February 19, 2020 and filed an identical copy of these objections on February 20, 2020. <u>See</u> ECF Nos. 17 and 18. Defendants have neither objected nor responded to the plaintiff's objections.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination <u>of those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (first alteration added) (quoting 28 U.S.C. § 636(b)(1)).

Plaintiff dedicates the first portion of her objections to recounting the procedural history of the four civil cases filed by plaintiff pending in this court. She argues that by filing separate civil cover sheets for each named defendant in this case, she should have been allowed to file separate cases against each defendant individually to avoid

having her claims all dismissed at once.  <u>See</u> ECF No. 17 at 1–2.
This does not provide a basis to overrule the magistrate judge's
findings.  Plaintiff does not dispute that she filed the same
complaint against these defendants.

Citing Rule 56 of the Federal Rules of Civil
Procedure, plaintiff next argues that the court cannot dismiss
the case under Rule 12(b)(6) before the other remaining
defendants have an opportunity to respond.  <u>See</u> ECF No. 17 at 2.
This objection misstates the standard for reviewing motions to
dismiss and plainly lacks merit.

Plaintiff further objects to the magistrate judge's
finding that she failed to state claims upon which relief can be
granted.  The magistrate judge found that the complaint includes
"no factual allegations whatsoever concerning any conduct on the
part of defendants Westfall or DeChristopher."  ECF No. 16 at
18.  Plaintiff argues that the court should look at her
complaint as a whole and that the factual allegations are not
limited to only that which is included in each paragraph.  <u>See</u>
ECF No. 17 at 3.  Yet, plaintiff does not cite to any conduct on
the part of Westfall or DeChristopher in the complaint.  Indeed,
the complaint lacks any specific factual allegations against
them.

Next, plaintiff argues that the court must apply Rule 8(a)'s pleading requirements rather than Rule 9(b)'s standard for allegations of fraud or mistake. <u>See</u> ECF No. 17 at 3. Plaintiff also dedicates an entire page to quoting Rule 19's standard for the joinder of parties, but does not elaborate how it has any relevance to this case or the PF&R. <u>Id.</u> at 3–4. The magistrate judge did apply Rule 8(a)'s requirements for stating a proper claim for relief without ever mentioning Rule 9(b) or Rule 19 in the PF&R. <u>See</u> ECF No. 16 at 1. Moreover, these objections do not address the finding that plaintiff fails to state a claim against Fitz and DeChristopher because these prosecuting attorneys are entitled to absolute immunity, and that plaintiff's claims against defendants Loughry, Walker, Davis, Workman, Gaujot, Trumble, and Bailey should be dismissed with prejudice because they are barred by absolute judicial immunity. <u>Id.</u> at 19–21. Accordingly, the court overrules these objections.

Finally, plaintiff objects to the magistrate judge's finding that plaintiff still has a potential remedy to challenge her state court conviction and that she is barred from seeking monetary damages under 42 U.S.C. § 1983 resulting from alleged improprieties during her criminal prosecution, post-conviction proceedings, and appeal because she has not demonstrated that

her criminal proceedings have been invalidated.  <u>See</u> ECF No. 16 at 21–23; ECF No. 17 at 6–7.  The magistrate judge found that plaintiff may be able to pursue relief through a petition for a writ of error <u>coram</u> <u>nobis</u> in state court.  ECF No. 16 at 21–22.  Although plaintiff now argues that such a petition is unlikely to succeed, the magistrate judge did not express any opinion on the merits of any such petition or the possible outcome of any future proceeding.  Inasmuch as plaintiff has not shown that a petition for a writ of error <u>coram</u> <u>nobis</u> is unavailable, the court overrules this objection.

The court, accordingly, ORDERS that:

1. Plaintiff's objections to the PF&R be, and they hereby are, overruled.

2. The magistrate judge's PF&R entered January 30, 2020 be, and it hereby is, adopted and incorporated in full.

3. The motion to dismiss filed by DeChristopher, Fitz, and Westfall be, and it hereby is, granted.

4. This civil action be, and it hereby is, dismissed pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B).

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

ENTER: March 30, 2020

John T. Copenhaver, Jr.
Senior United States District Judge